KC:AG
F# 2003R01076

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 06 2005 ★

BROOKLYN OFFICE

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

CURT MATHEWS,
    also known as "Kirk,"
JAI PERSAUD RAMNARINE and
JERMAINE BAILEY,
    also known as "Kruger,"

        Defendants.

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 03-1214 (S-1)(ERK)
(T. 18, U.S.C., §§ 371,
924(c)(1)(A)(iii), 924(i)(1),
1951(a), 1959(a)(1),
1959(a)(5), 1962(c), 1962(d),
1963, 2113(a), 2113(d), 2 and
3551 et seq.; T. 21, U.S.C.,
§§ 841(a)(1),
841(b)(1)(A)(iii),
841(b)(1)(C), 841(b)(1)(D)
and 846)

- - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

## INTRODUCTION TO ALL COUNTS

    At all times relevant to this Superseding Indictment:

    1.    The defendant CURT MATHEWS, also known as "Kirk,"
together with others, was a member and associate of a criminal
organization, hereafter referred to as the "M&P Crew," whose
members and associates engaged in various forms of criminal
activity, including narcotics distribution, murder, attempted
murder, robbery, kidnaping and arson.

    2.    The M&P Crew, including its members and
associates, constituted an enterprise as defined by Title 18,
United States Code, Sections 1961(4) and 1959(b)(2), that is, a
group of individuals associated in fact that engaged in, and the
activities of which affected, interstate commerce.  The

enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

3.    The M&P Crew, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, attempted murder, kidnaping, robbery and arson, in violation of the laws of New York, and drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

4.    The defendant CURT MATHEWS, also known as "Kirk," was the leader of the M&P Crew who participated in the operation and management of the crew by carrying out and directing other members of the crew in carrying out unlawful and other activities in furtherance of the conduct of the crew's affairs.

5.    The primary goals and purpose of the M&P Crew included the following:

    a.    Generating money for members and associates of the crew through crimes of violence, including robbery and kidnaping, and through the distribution of narcotics and other controlled substances; and

    b.    Preserving and protecting the crew's drug trafficking and robbery activities, its operations and profits, and its criminal ventures through the use of violence and threats of violence.

6. The defendant CURT MATHEWS, also known as "Kirk," and other members and associates of the M&P Crew participated in the conduct of the affairs of the enterprise by the following means and methods:

a. Distributing narcotics, including cocaine, cocaine base, marijuana and MDMA, in and around Brooklyn, New York and elsewhere;

b. Committing, attempting to commit and threatening to commit acts of violence, including murder, attempted murder, robbery, assault, kidnaping and arson, in order to protect, expand and further the crew's criminal operations; and

c. Using and threatening to use physical violence, including murder and assault, against various individuals, including rival narcotics traffickers.

## COUNT ONE
(Racketeering)

7. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8. In or about and between 1998 and December 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CURT MATHEWS, also known as "Kirk," together with others, being a person employed by and associated with the M&P Crew, an enterprise engaged in, and the activities of which affected, interstate

commerce, knowingly and intentionally conducted and participated,
directly and indirectly, in the conduct of the affairs of that
enterprise through a pattern of racketeering activity consisting
of the following racketeering acts:

### RACKETEERING ACT ONE
(Conspiracy to Distribute Cocaine, Cocaine Base,
Marijuana and MDMA)

9.   In or about and between 1998 and December 2002,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendant CURT MATHEWS,
together with others, did knowingly and intentionally conspire to
distribute and possess with intent to distribute a controlled
substance, which offense involved a substance containing cocaine,
a Schedule II controlled substance, fifty grams or more of a
substance containing cocaine base, a Schedule II controlled
substance, a substance containing marijuana, a Schedule I
controlled substance, and a substance containing MDMA, a Schedule
I controlled substance, in violation of Title 21, United States
Code, Section 846.

### RACKETEERING ACT TWO
(Arson)

10.   The defendant CURT MATHEWS committed the
following acts, either one of which alone constitutes
racketeering act two.

A.   Conspiracy to Commit Arson

11.   On or about December 6, 2001, within the Eastern
District of New York, the defendant CURT MATHEWS, together with

5

others, did knowingly and intentionally conspire to damage a building, to wit: a residential building located at 93 Ridgewood Avenue, Brooklyn, New York, by starting a fire, in violation of New York Penal Law Sections 150.10 and 105.10(1).

B. <u>Arson</u>

12. On or about December 6, 2001, within the Eastern District of New York, the defendant CURT MATHEWS, together with others, did knowingly and intentionally damage a building, to wit: a residential building located at 93 Ridgewood Avenue, Brooklyn, New York, by starting a fire, in violation of New York Penal Law Sections 150.10 and 20.00.

<u>RACKETEERING ACT THREE</u>
(Conspiracy to Murder/Murder of Lennox Bradley)

13. The defendant CURT MATHEWS committed the following acts, either one of which alone constitutes the commission of racketeering act three.

A. <u>Conspiracy to Murder</u>

14. On or about and between December 6, 2001 and March 14, 2002, both dates being approximate and inclusive, within the Eastern District of New York, the defendant CURT MATHEWS, together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: Lennox Bradley, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B. <u>Murder</u>

15. On or about March 14, 2002, within the Eastern District of New York, the defendant CURT MATHEWS, together with

others, did knowingly and intentionally cause the death of another person, to wit: Lennox Bradley, in violation of New York Penal Law Sections 125.25(1) and 20.00.

<u>RACKETEERING ACT FOUR</u>
(Conspiracy to Murder/Attempted Murder of John Doe)

16.   The defendant CURT MATHEWS committed the following acts, either one of which alone constitutes the commission of racketeering act four.

A.   <u>Conspiracy to Murder</u>

17.   On or about and between December 6, 2001 and March 14, 2002, both dates being approximate and inclusive, within the Eastern District of New York, the defendant CURT MATHEWS, together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: John Doe, an individual whose identity is known to the grand jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.   <u>Attempted Murder</u>

18.   On or about March 14, 2002, within the Eastern District of New York, the defendant CURT MATHEWS, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

RACKETEERING ACT FIVE
(Crescent Street Robbery Conspiracy/Robbery)

19. The defendant CURT MATHEWS committed the following acts, either one of which alone constitutes the commission of racketeering act five.

A. Robbery Conspiracy

20. In or about and between February 2002 and April 2002, both dates being approximate and inclusive, within the Eastern District of New York, the defendant CURT MATHEWS, together with others, did knowingly and intentionally conspire to rob individuals at a private residence located at 396 Crescent Street in Brooklyn, New York, in violation of New York Penal Law Sections 160.15 and 105.10(1).

B. Robbery

21. On or about April 27, 2002, within the Eastern District of New York, the defendant CURT MATHEWS, together with others, did knowingly and intentionally rob individuals at a private residence located at 396 Crescent Street in Brooklyn, New York, in violation of New York Penal Law Sections 160.15 and 20.00.

RACKETEERING ACT SIX
(Robbery Conspiracy/Robbery)

22. The defendant CURT MATHEWS committed the following acts, either one of which alone constitutes the commission of racketeering act six.

A.   <u>Robbery Conspiracy</u>

23.   In or about and between November 2000 and December 4, 2000, both dates being approximate and inclusive, within the Eastern District of New York, the defendant CURT MATHEWS, together with others, did knowingly and intentionally conspire to rob an employee of the Dunbar Armored Security Corporation, in violation of New York Penal Law Sections 160.15 and 105.10(1).

B.   <u>Robbery</u>

24.   On or about December 4, 2000, within the Eastern District of New York, the defendant CURT MATHEWS, together with others, did knowingly and intentionally rob an employee of the Dunbar Armored Security Corporation, in violation of New York Penal Law Sections 160.15 and 20.00.

<u>RACKETEERING ACT SEVEN</u>
(Kidnaping)

25.   On or about November 18, 2002, within the Eastern District of New York, the defendant CURT MATHEWS, together with others, did knowingly and intentionally kidnap Jane Doe, an individual whose identity is known to the grand jury, to compel a third party to pay and deliver money as ransom, in violation of New York Penal Law Sections 135.25 and 20.00.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 <u>et</u> <u>seq.</u>)

COUNT TWO
(Racketeering Conspiracy)

26.    The allegations contained in paragraphs one
through six are realleged and incorporated as if fully set forth
in this paragraph.

27.    In or about and between 1998 and December 2002,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendant CURT MATHEWS,
also known as "Kirk," together with others, being a person
employed by and associated with the M&P Crew, an enterprise
engaged in, and the activities of which affected, interstate
commerce, did knowingly and intentionally conspire to violate
Title 18, United States Code, Section 1962(c), that is, to
conduct and participate, directly and indirectly, in the conduct
of the affairs of that enterprise through a pattern of
racketeering activity, as defined in Title 18, United States
Code, Sections 1961(1) and (5).

28.    The pattern of racketeering activity through
which the defendant CURT MATHEWS, also known as "Kirk," agreed to
conduct the affairs of the enterprise consisted of the acts of
racketeering set forth in paragraphs 9 through 25 above, as
Racketeering Acts One through Seven of this Superseding
Indictment, which are realleged and incorporated as if fully set
forth in this paragraph.  The defendant agreed that a conspirator
would commit at least two acts of racketeering in the conduct of
the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963
and 3551 et seq.)

### COUNT THREE
(Conspiracy to Distribute Cocaine, Cocaine Base,
Marijuana and MDMA)

29.    The allegations contained in paragraphs one
through six are realleged and incorporated as if fully set forth
in this paragraph.

30.    In or about and between 1998 and December 2002,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendant CURT MATHEWS,
also known as "Kirk," together with others, did knowingly and
intentionally conspire to distribute and possess with intent to
distribute a controlled substance, which offense involved a
substance containing cocaine, a Schedule II controlled substance,
fifty grams or more of a substance containing cocaine base, a
Schedule II controlled substance, a substance containing
marijuana, a Schedule I controlled substance, and a substance
containing MDMA, a Schedule I controlled substance, in violation
of Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846,
841(b)(1)(A)(iii), 841(b)(1)(C) and 841(b)(1)(D); Title 18,
United States Code, Sections 3551 et seq.)

### COUNT FOUR
(Murder of Lennox Bradley in Aid of Racketeering)

31.    At all times relevant to this Superseding
Indictment, the M&P Crew, as more fully described in paragraphs

one through six, which are realleged and incorporated as if fully set forth in this paragraph, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.

32.   At all times relevant to this Superseding Indictment, the M&P Crew, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, robbery, kidnaping and arson, in violation of the laws of New York, and drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

33.   On or about March 14, 2002, within the Eastern District of New York, the defendant CURT MATHEWS, also known as "Kirk," together with others, for the purpose of maintaining and increasing his position in the M&P Crew, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Lennox Bradley, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FIVE
(Use of a Firearm)

34.   The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

35.   On or about March 14, 2002, within the Eastern District of New York, the defendant CURT MATHEWS, also known as "Kirk," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Four, and did knowingly and intentionally possess a firearm in furtherance of said crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT SIX
(Causing Death Through the Use of a Firearm)

36.   The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth herein.

37.   On or about March 14, 2002, within the Eastern District of New York, the defendant CURT MATHEWS, also known as "Kirk," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Five, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, with malice aforethought, did

unlawfully kill Lennox Bradley willfully, deliberately, maliciously, and with premeditation.

(Title 18, United States Code, Sections 924(i)(1), 2 and 3551 et seq.)

COUNT SEVEN
(Attempted Murder of John Doe in Aid of Racketeering)

38.   The allegations contained in paragraphs one through six and paragraphs thirty-one and thirty-two are realleged and incorporated as if fully set forth in this paragraph.

39.   On or about March 14, 2002, within the Eastern District of New York, the defendant CURT MATHEWS, also known as "Kirk," together with others, for the purpose of maintaining and increasing his position in the M&P Crew, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

COUNT EIGHT
(Use of a Firearm)

40.   The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

41.   On or about March 14, 2002, within the Eastern District of New York, the defendant CURT MATHEWS, also known as "Kirk," together with others, did knowingly and intentionally use

and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Seven, and did knowingly and intentionally possess a firearm in furtherance of said crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT NINE
(Crescent Street Robbery Conspiracy)

42.   The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

43.   In or about and between February 2002 and April 2002, both dates being approximate and inclusive, within the Eastern District of New York, the defendants CURT MATHEWS, also known as "Kirk," JAI PERSAUD RAMNARINE and JERMAINE BAILEY, also known as "Kruger," together with others, did knowingly and intentionally conspire to obstruct, delay, and affect commerce, and the movement of articles and commodities in commerce, by robbery of individuals believed and known to be drug traffickers residing at a private residence located at 396 Crescent Street in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT TEN
(Crescent Street Robbery)

44.   The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

45.   On or about April 27, 2002, within the Eastern District of New York, the defendants CURT MATHEWS, also known as "Kirk," JAI PERSAUD RAMNARINE and JERMAINE BAILEY, also known as "Kruger," together with others, did knowingly and intentionally obstruct, delay, and affect commerce, and the movement of articles and commodities in commerce, by robbery of individuals believed and known to be drug traffickers residing at a private residence located at 396 Crescent Street in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT ELEVEN
(Use of Firearm)

46.   The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

47.   On or about April 27, 2002, within the Eastern District of New York, the defendants CURT MATHEWS, also known as "Kirk," JAI PERSAUD RAMNARINE and JERMAINE BAILEY, also known as "Kruger," together with others, did knowingly and intentionally use and carry a firearm during and in relation to crimes of violence, to wit: the crimes charged in Counts Nine and Ten, and

did knowingly and intentionally possess a firearm in furtherance of said crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TWELVE
(Bank Robbery Conspiracy)

48.   The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

49.   In or about and between November 2000 and December 4, 2000, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CURT MATHEWS, also known as "Kirk," together with others, did knowingly and intentionally conspire to take, by force, violence and intimidation, from the person and presence of an employee of the Dunbar Armored Security Corporation, money belonging to and in the care, custody, control, management and possession of the North Fork Bank, 115-20 Jamaica Avenue, Queens, New York, the deposits of which were insured by the Federal Deposit Insurance Corporation, to wit:  $45,253 in cash and checks, and in the commission of this offense did assault a person and put in jeopardy the life of a person by the use of a dangerous weapon, in violation of Title 18, United States Code, Sections 2113(a) and 2113(d).

50.   In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendant CURT MATHEWS, also known as "Kirk," together with others, did commit and cause to be committed, among other acts, the following:

OVERT ACTS

a.   In or about November 2000, the defendant CURT MATHEWS, while at Carribean Flavor, a bar located on Pitkin Avenue in Brooklyn, New York, discussed with other co-conspirators robbing a branch of the North Fork Bank, located at 115-20 Jamaica Avenue, Queens, New York (the "North Fork Bank branch").

b.   In or about November 2000, the defendant CURT MATHEWS and other co-conspirators surveilled the North Fork Bank branch.

c.   On or about December 4, 2000, the defendant CURT MATHEWS and other co-conspirators drove to the vicinity of the North Fork Bank branch in possession of a .9 millimeter caliber handgun.

d.   On or about December 4, 2000, two of the defendant CURT MATHEWS's co-conspirators approached a Dunbar Armored Security Corporation guard exiting the North Fork Bank ATM hut, seized a bag containing cash and checks for deposit from

the guard (the "robbery proceeds"), and shot the guard with a .9 millimeter caliber handgun.

e.    On or about December 4, 2000, two of the defendant CURT MATHEWS's co-conspirators fled to an automobile driven by the defendant CURT MATHEWS.

f.    On or about December 4, 2000, the defendant CURT MATHEWS took some of the robbery proceeds to Carribean Flavor.

g.    On or about December 4, 2000, another co-conspirator arrived at Carribean Flavor to pick up bank robbery proceeds.

(Title 18, United States Code, Sections 371 and 3551 <u>et</u> <u>seq.</u>)

## COUNT THIRTEEN
(Bank Robbery)

51.    The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

52.    On or about December 4, 2000, within the Eastern District of New York, the defendant CURT MATHEWS, also known as "Kirk," together with others, did knowingly and intentionally take, by force, violence and intimidation, from the person and presence of an employee of the Dunbar Armored Security Corporation, money belonging to and in the care, custody, control, management and possession of the North Fork Bank, 115-20

Jamaica Avenue, Queens, New York, the deposits of which were insured by the Federal Deposit Insurance Corporation, to wit: $45,253 in cash and checks, and in the commission of this offense did assault a person and put in jeopardy the life of a person by the use of a dangerous weapon.

(Title 18, United States Code, Sections 2113(a), 2113(d), 2 and 3551 et seq.)

### COUNT FOURTEEN
### (Use of Firearm)

53.   The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

54.   On or about December 4, 2000, within the Eastern District of New York, the defendant CURT MATHEWS, also known as "Kirk," together with others, did knowingly and intentionally use and carry a firearm during and in relation to crimes of violence, to wit: the crimes charged in Counts Twelve and Thirteen, and did knowingly and intentionally possess a firearm in furtherance of said crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

### ADDITIONAL ALLEGATIONS REGARDING COUNT ONE, RACKETEERING ACT ONE, AND COUNTS TWO AND THREE

55.   The allegations contained in Count One, Racketeering Act One, and Counts Two and Three are realleged and incorporated as if fully set forth in this paragraph, and the

additional allegations below are incorporated by reference in Count One, Racketeering Act One, and Counts Two and Three.

56. Based on (a) acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, and willfully caused by the defendant CURT MATHEWS, also known as "Kirk," and (b) all reasonably foreseeable acts and omissions of others in furtherance of a criminal plan, scheme, endeavor, and enterprise undertaken by the defendant in concert with others; all of which occurred during the commission of the offense of conviction, in preparation for that offense, and in the course of attempting to avoid detection and responsibility for that offense, the following conduct occurred (U.S.S.G. § 1B1.3(a)(1)):

a. The offense involved 1.5 kilograms or more of cocaine base (U.S.S.G. § 2D1.1(c)(1)).

b. The offense involved the possession of a dangerous weapon (U.S.S.G. § 2D1.1(b)(1)).

## ADDITIONAL ALLEGATIONS REGARDING COUNT ONE, RACKETEERING ACT FIVE, AND COUNTS TWO, NINE AND TEN

57. The allegations contained in Count One, Racketeering Act Five, and Counts Two, Nine and Ten are realleged and incorporated as if fully set forth in this paragraph, and the additional allegations below are incorporated by reference in Count One, Racketeering Act Five, and Counts Two, Nine and Ten.

58. Based on (a) acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, and willfully caused by the defendants CURT MATHEWS, also known as "Kirk," JAI

PERSAUD RAMNARINE and JERMAINE BAILEY, also known as "Kruger,"
and (b) all reasonably foreseeable acts and omissions of others
in furtherance of a criminal plan, scheme, endeavor, and
enterprise undertaken by the defendants in concert with others;
all of which occurred during the commission of the offense of
conviction, in preparation for that offense, and in the course of
attempting to avoid detection and responsibility for that
offense, the following conduct occurred (U.S.S.G. § 1B1.3(a)(1)):

      a.    A firearm was discharged (U.S.S.G. §
2B3.1(b)(2)(A)).

      b.    A victim sustained serious bodily injury
(U.S.S.G. § 2B3.1(b)(3)(B)).

      c.    A person was physically restrained to
facilitate commission of the offense (U.S.S.G. § 2B3.1(b)(4)(B)).

      d.    The loss exceeded $50,000 (U.S.S.G. §
2B3.1(b)(7)(C)).

## ADDITIONAL ALLEGATIONS REGARDING COUNT ONE, RACKETEERING ACT SIX, AND COUNTS TWO, TWELVE AND THIRTEEN

    59.   The allegations contained in Count One,
Racketeering Act Six, and Counts Two, Twelve and Thirteen are
realleged and incorporated as if fully set forth in this
paragraph, and the additional allegations below are incorporated
by reference in Count One, Racketeering Act Six, and Counts Two,
Twelve and Thirteen.

    60.   Based on (a) acts and omissions committed, aided,
abetted, counseled, commanded, induced, procured, and willfully

caused by the defendant CURT MATHEWS, also known as "Kirk," and (b) all reasonably foreseeable acts and omissions of others in furtherance of a criminal plan, scheme, endeavor, and enterprise undertaken by the defendant in concert with others; all of which occurred during the commission of the offense of conviction, in preparation for that offense, and in the course of attempting to avoid detection and responsibility for that offense, the following conduct occurred (U.S.S.G. § 1B1.3(a)(1)):

       a.   Property of a financial institution was taken (U.S.S.G. § 2B3.1(b)(1)).

       b.   A firearm was discharged (U.S.S.G. § 2B3.1(b)(2)(A)).

       c.   A victim sustained permanent and life-threatening bodily injury (U.S.S.G. § 2B3.1(b)(3)(C)).

       d.   The loss exceeded $50,000 (U.S.S.G. § 2B3.1(b)(7)(B)).

### ADDITIONAL ALLEGATIONS REGARDING COUNTS ONE, TWO, THREE, FOUR, SIX, SEVEN, NINE, TEN, TWELVE AND THIRTEEN

       61.  The allegations contained in Counts One, Two, Three, Four, Six, Seven, Nine, Ten, Twelve and Thirteen are realleged and incorporated as if fully set forth in this paragraph, and the additional allegations below are incorporated by reference in Counts One, Two, Three, Four, Six, Seven, Nine, Ten, Twelve and Thirteen.

       62.  Based on (a) acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, and willfully

caused by the defendant CURT MATHEWS, also known as "Kirk," and (b) all reasonably foreseeable acts and omissions of others in furtherance of a criminal plan, scheme, endeavor, and enterprise undertaken by the defendant in concert with others; all of which occurred during the commission of the offense of conviction, in preparation for that offense, and in the course of attempting to avoid detection and responsibility for that offense, the following conduct occurred (U.S.S.G. § 1B1.3(a)(1)):

        a.    The defendant CURT MATHEWS, also known as "Kirk," was an organizer and leader of criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(a)).

A TRUE BILL

*Pauline Waite*

FOREPERSON


ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

FF#2003RO1076
FORM DBD-34

JUN. 85

No. *03-1214 (S-1) (ERK)*

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL *Division*

### THE UNITED STATES OF AMERICA

*vs.*

Defendants..

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 371, 924 (c) (1) (A) (iii) , 924 ( i ) (1) , 1951 (a) , 1959 (a) (1) ,
1959 (a) (5) , 1962 (c) , 1962 (d) , 1963 , 2113 (a) , 2113 (d) , 2 and 3551 *et seq* .;
T. 21 U.S.C., §§ 841 (a) (1) , 841 (b) (1) (A) ( iii ) , 841 (b) (1) (C), 841 (b) (1) (D) (D) and 846)

*A true bill.*

_____
*Foreman*

*Filed in open court this day,*

*of* _ _ _ _ _ _ _ _ A.D. 20 _ _ _ _

_____
*Clerk*

*Bail, $* _ _ _ _ _ _ _ _

_____

*ALPHONZO GRANT JR., AUSA (718) 254-6424*